ALEXANDER ALLISON, Plaintiff in Error, v. ELDRICK SMITH, Defendant in Error.

ERROR TO PEORIA.

The indorser of a note, when sued, may show in defense, that if the maker had been sued in some other court of competent jurisdiction, as before a justice of the peace, instead of in the Circuit Court, that a judgment could sooner have been obtained against him and been satisfied, and thus relieve the indorser from liability.

SMITH sued Allison in assumpsit. The declaration contains three counts.

The 1st count alleges that on the 13th March, 1855, Pinegar executed his note to Hoyt & Stephens for $200, payable at six months. That Hoyt & Stephens assigned the note to Allison, and Allison to Smith. That at the next term of the Circuit Court of Peoria county, after the note became due, Smith sued Pinegar. That suit was commenced Oct. 9, 1855, and was prosecuted with due diligence to the final judgment. That judgment was recovered November term, 1856, and execution issued upon same, Dec. 20, 1856, and same day put into hands of the sheriff, who levied same on certain lots in Frye's Addition to Peoria, as the property of Pinegar, which were sold to plaintiff in January for fifty cents. That *Pinegar had no title to the property nor interest in the same*, and that execution was returned unsatisfied for balance, and that Pinegar had no property subject to execution in said county, of which Allison had notice.

The 2nd count avers that Pinegar executed note to Hoyt & Stephens, March 13, 1855, at six months, for $200. That Hoyt & Stephens assigned to Allison, and Allison to plaintiff. That at time note fell due, and up to present time, Pinegar lived in Fulton county, and had no property subject to execution or attachment, and that a suit would have been wholly unavailing. And that at the next term of the Circuit Court, on the 9th Oct., 1855, Smith commenced suit, and that judgment was recovered against Pinegar in due course of law, Nov. term, 1856. That execution issued January 24, 1857, to sheriff of Fulton county, and returned, no property found.

3. The common counts. Goods sold and allowed. Work and labor. Money loaned. Money had and received. Money had, etc.

A jury being impanneled, Smith offered in evidence a note executed by Pinegar for $200, dated March 30, 1855, payable to Hoyt & Stephens, by them indorsed to Allison, and by Allison to plaintiff.

Plaintiff then offered summons and return in case of plaintiff against Pinegar. Summons Oct. 9, 1855, directed to and served by sheriff of Fulton county.

Smith then offered in evidence the declaration in the case of Smith against Pinegar, which was filed Oct. 9, 1855, and also the pleas filed in said cause, which were filed May 16, 1856, and an amended plea filed May 27, 1856, and replication filed at said term.

December 1, 1856, there was a judgment entered against Pinegar.

The defendant then proposed and offered to prove that at the time said note fell due, and for a year thereafter, the said Pinegar

8

owned a drug store in Farmington, Fulton county. That said Pinegar was in Peoria often, as frequently as once a week. That he purchased goods for his store in Peoria, and that under the act of A. D. 1855, the plaintiff might have sued Pinegar before a justice and recovered judgment and collected the amount of the note. But the court refused to permit the defendant to give in evidence the fact proposed and offered by him, and excluded the evidence from the jury.

H. GROVE, for Plaintiff in Error.

E. G. JOHNSON and JAMES STRAIN, for Defendant in Error.

CATON, C. J. This was an action against the indorser of a promissory note, and to prove due diligence to collect the note of the maker, the plaintiff proved the institution of an action against the maker at the first term of the Peoria Circuit Court after the note matured, and that such proceedings were thereupon had, that over a year thereafter he obtained a judgment against the maker, and then issued executions to the counties of Peoria and Fulton, which were returned unsatisfied. The defendant then offered to show that the maker had plenty of property when the note matured, and that if the plaintiff had commenced his action before a justice of the peace who had jurisdiction of the amount and might have acquired jurisdiction of the person of the maker by service in Peoria county, where he frequently was on business, the amount could have been collected of the maker before he became insolvent. This evidence the court ruled out, and we think improperly. We have often held that it is the duty of the holder to prosecute the maker with diligence, in order to hold the indorser responsible under our statute. If in truth the money could have been made by suing in a justice's court and he neglected to sue there, but chose to sue in the Circuit Court, where from a press of business or other cause he could not obtain a judgment for a year or more, and until the maker became insolvent, it cannot be said that he prosecuted the maker with due diligence. Through his neglect the money was not collected of the maker, and he must bear the consequences of his own laches. The defendant should have been permitted to show the jury that by prosecuting before another court of competent jurisdiction, he might have obtained an earlier judgment and secured its satisfaction. The evidence should have been admitted.

The judgment is reversed and the cause remanded.

*Judgment reversed.*